UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AIMEE ROBINSON,

           Plaintiff,

      v.

MICHAEL PAULHUS, et al.,

           Defendants.

Civil Action No. 19-12572 (MAS) (TJB)

**MEMORANDUM ORDER**

      This matter comes before the Court upon Defendants Ocean County Prosecutor's Office, Joseph Coronato,[1] and William Scharfenberg's (collectively, "Ocean County Defendants") Motion to Dismiss (ECF No. 9) and Defendant Michel Paulhus's[2] Motion to Dismiss (ECF No. 10).[3] Pro se Plaintiff Aimee Robinson ("Plaintiff") opposed the motions (ECF No. 11), and Defendants replied (ECF Nos. 14, 15). The Court has considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

      A court must grant a motion to dismiss if the court lacks subject matter jurisdiction to hear a claim. Fed. R. Civ. P. 12(b)(1). "[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction," and a Rule 12(b)(1) motion is the proper

---

[1] Defendant Joseph Coronato is inaccurately pleaded as Joseph "Coronado." (Ocean County Defs.'s Moving Br. 1, ECF No. 9-1.)

[2] Defendant Michel Paulhus is inaccurately pleaded as "Michael" Paulhus. (Paulhus Letter Br. 1, ECF No. 10-3.)

[3] Paulhus "incorporates by reference all arguments advanced in the brief filed by [Ocean County Defendants]." (Paulhus Letter Br. 1.) On reply, Ocean County Defendants "adopt and incorporate the arguments set forth in [Paulhus's] reply brief." (Ocean County Defs.' Reply Br. 1, ECF No. 15.) Collectively, the Court refers to all named defendants as "Defendants," and refers Defenants' respective briefs interchangeably. All individual Defendants are sued in their individual and official capacities. (Compl. 1, ECF No. 1.)

means of raising the issue. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996) (citation omitted). Eleventh Amendment sovereign immunity is an affirmative defense, and "the party asserting [it] bears the burden of proving entitlement to it." *Christy v. Pa. Tpk. Comm'n*, 54 F.3d 1140, 1144 (3d Cir. 1995).

The Eleventh Amendment grants immunity to the states from suit in federal court unless Congress has abrogated that immunity or the state has waived it. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). This extends to state agencies and state officers acting in their official capacities on behalf of the state. *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 857 (3d Cir. 2014). Courts within the Third Circuit apply the three *Fitchik* factors in considering whether a state agency is an "arm of the state" and entitled to sovereign immunity:

> (1) the funding factor: whether the state treasury is legally responsible for an adverse judgment entered against the alleged arm of the State; (2) the status under state law factor: whether the entity is treated as an arm of the State under state case law and statutes; and (3) the autonomy factor: whether, based largely on the structure of its internal governance, the entity retains significant autonomy from state control.

*Maliandi v. Montclair State Univ.*, 845 F.3d 77, 83 (3d Cir. 2016) (citing *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989)). In *Estate of Lagano*, the Third Circuit discussed the distinction between the *Fitchik* analysis and the test for personhood under § 1983. 769 F.3d at 857–58 (reversing district court grant of Eleventh Amendment immunity where the court relied on *Coleman v. Kaye*, 87 F.3d 1491 (3d Cir. 1996), which "does not address Eleventh Amendment sovereign immunity," rather than *Fitchik*). The Third Circuit distinguished its decision in *Beightler v. Office of Essex County Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009) and clarified that the *Fitchik* factors are not "satisfied whenever a county prosecutor engages in classic prosecutorial functions." *Id.* at 857.

In moving to dismiss Plaintiff's claims on the basis of sovereign immunity, Defendants do not discuss the *Fitchik* factors. (*See* Ocean County Defs.'s Moving Br. 7–10.) Instead, Defendants rely on *Beightler* and cases citing *Coleman*, discussing whether Defendants were engaged in classic law enforcement or prosecutorial functions.[4] (*Id.*) Because the party asserting Eleventh Amendment immunity bears the burden of proving entitlement to it, the Court must find that Defendants fail to meet that burden by omitting necessary discussion of the *Fitchik* factors.

Because Defendants' Eleventh Amendment sovereign immunity arguments may preclude significant avenues of relief for Plaintiff and amended briefing may fix Defendants' arguments on this threshold issue, the Court declines to address the remainder of Defendants' arguments. The Court permits Defendants an opportunity to file amended motions to dismiss.

Accordingly, **IT IS** on this 22nd day of May 2020, **ORDERED** that:

1. Defendants' Motions to Dismiss (ECF Nos. 9, 10) are **DENIED** without prejudice;
2. By **July 1, 2020**, Defendants may file motions to dismiss.[5]

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court notes that, although the New Jersey Attorney General's Office represents Defendants here, Defendants' briefing "has not directly addressed whether the State will actually defend and indemnify [Defendants] beyond the instant motion to dismiss or if the State would be liable for any judgment." *Murphy v. Middlesex Cty.*, No. 15-7102, 2017 WL 6342154, at *6 (D.N.J. Dec. 12, 2017) (citation omitted). This alone fails to satisfy the first, "most important" *Fitchik* factor. *Id.* The Court also notes that Defendants fail to adequately discuss whether the acts alleged in the complaint amount to "actual fraud, actual malice, or willful misconduct," thereby limiting the state's "duty to indemnify and defend" Defendants. *Wright v. State*, 778 A.2d 443, 465 (N.J. 2001).

[5] Any motion to dismiss shall include a certification by counsel stating that the brief includes the most recent controlling authority from the U.S. Court of Appeals for the Third Circuit and the District of New Jersey. Additionally, Defendants shall cite and thoroughly discuss relevant precedent concerning whether each act alleged in the Complaint amounts to a classic law enforcement or prosecutorial function.

3